Todd Blanche
Deputy Attorney General for the United States
Nowles Heinrich
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 1 8 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GLENN OWHI LEACH,

    Defendant.

2:25-CR-00111-TOR-1

PLEA AGREEMENT

Plaintiff United States of America, by and through Nowles Heinrich, Assistant United States Attorney for the Eastern District of Washington, and Defendant GLENN OWHI LEACH ("Defendant"), both individually and by and through Defendant's counsel, Amy H. Rubin, agree to the following Plea Agreement.

1.    Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to Count One of the Indictment filed on July 9, 2025, which charges Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), a Class C Felony.

Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment up to 15 years;

    b.    a term of supervised release of up to 3 years;

    c.    a fine of up to $250,000; and

PLEA AGREEMENT - 1

d.    a $100 special penalty assessment.

2.    <u>Supervised Release</u>

Defendant understands that if Defendant is sentenced to imprisonment and then violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>Probation</u>

Defendant understands that if Defendant is sentenced to a term of probation and Defendant violates any condition of Defendant's probation, the Court may revoke Defendant's term of probation and resentence Defendant to any lawful sentence authorized for the offense of conviction. In this case, that includes a prison sentence of up to fifteen (15) years and a term of supervised release.

4.    <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

PLEA AGREEMENT - 2

Defendant understands the following:

    a. sentencing is a matter solely within the discretion of the Court;

    b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

    f. the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

5. Potential Immigration Consequences of Guilty Plea

If Defendant is not a citizen of the United States, Defendant understands the following:

    a. pleading guilty in this case may have immigration consequences;

    b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

    c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

    d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

PLEA AGREEMENT - 3

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

6.  Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.    the right to a jury trial;

    b.    the right to see, hear and question the witnesses;

    c.    the right to remain silent at trial;

    d.    the right to testify at trial; and

    e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

7.  Elements of the Offense

The United States and Defendant agree that to convict Defendant of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), the United States would have to prove the following beyond a reasonable doubt.

    a.    *First*, on or about July 2, 2024, in the Eastern District of Washington, Defendant did knowingly possess a firearm, to wit, a Glock, model 23, .40 caliber pistol, bearing serial number MAV397;

PLEA AGREEMENT - 4

b. *Second,* the firearm had been shipped or transported in interstate and/or foreign commerce or otherwise affected commerce;

c. *Third,* at the time Defendant possessed the firearm, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

d. *Fourth,* at the time Defendant possessed the firearm, Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

8. Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On July 2, 2024, at approximately 2:30 P.M., a dispatcher in Pend Oreille County received a 911 call regarding a man walking down River Road, in Usk, Washington, with a firearm. The 911 caller reported that the man with the gun, later confirmed to be Defendant, had been observed holding a gun to his own head. As a sergeant with the Pend Oreille County Sheriff's Office responded to the scene the sergeant encountered two civilians, including the 911 caller. They provided the Defendant's direction of travel to the sergeant. The sergeant drove down the road and located Defendant as Defendant walked down the road with another man. Defendant, who was wearing a pistol holster, was taken into custody.

PLEA AGREEMENT - 5

Officers subsequently observed a black pistol in the grass on the shoulder of the road in the vicinity of where Defendant and the man were stopped. The pistol was a Glock, model 23, .40 caliber pistol, bearing serial number MAV397, with 13 rounds in the magazine. The pistol generally matched the description provided by the civilian that observed Defendant pointing a pistol at his own head.

Defendant was subsequently brought to the Kalispel Tribe's public safety building and advised of his *Miranda* rights. Defendant agreed to speak with a tribal police officer. Defendant acknowledged that he is a felon and could not legally possess firearms. Defendant denied possessing a firearm that day.

The Glock pistol was subsequently sent to the Washington State Patrol Crime Laboratory and swabbed for potential DNA evidence. A detective with the Kalispel Tribal Police obtained a warrant for Defendant's DNA and the DNA sample was also provided to the Washington State Patrol Crime Laboratory.

The laboratory developed a DNA profile from the muzzle end of the Glock pistol, and the DNA profile was interpreted as originating from three individuals. The laboratory determined "[t]he DNA profile is 87 quintillion times more likely if Glenn Leach and two unrelated individuals are the contributors, rather than if three unrelated individuals selected at random from the U.S. population are the contributors." The laboratory also opined that their "analysis provides very strong support for the proposition that Glenn Leach is a contributor to this profile as compared to the proposition that Glenn Leach is not a contributor." A quintillion is a "1" followed by 18 zeros.

The laboratory also developed a DNA profile from the rest of the surface area of the pistol, excluding the muzzle end, and interpreted this profile as also originating from three individuals. As to this DNA profile, the laboratory determined that "[t]he DNA profile is 270 times more likely if Glenn Leach and two unrelated individuals are the contributors, rather than if three unrelated individuals selected at random from the U.S. population are the contributors." This

PLEA AGREEMENT - 6

analysis was categorized as "moderate support for the proposition that Glenn Leach is a contributor to this profile as compared to the proposition that Glenn Leach is not a contributor."

All the above conduct occurred in Pend Oreille County, Washington, which is in the Eastern District of Washington.

At the time of this incident, Defendant knew that he was prohibited from possessing a firearm under federal law and knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. In fact, Defendant had received prison sentences exceeding one year previously. For instance, Defendant was convicted and sentenced to over 12 months of prison for the offense of Residential Burglary, by the Superior Court of Washington, Skagit County, on or about August 27, 2004.

The .40 caliber firearm described above has been researched by a nexus expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and has been determined to be manufactured outside the state of Washington and therefore traveled in and affected interstate or foreign commerce. Defendant acknowledges and admits that on July 2, 2024, he possessed the Glock, model 23, .40 caliber pistol, bearing serial number MAV397.

9.    The United States' Agreements:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

10.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG" or "Guidelines") apply and that the Court will determine

PLEA AGREEMENT - 7

Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a. *Base Offense Level*

The United States and Defendant agree that because of Defendant's prohibited status at the time Defendant possessed the firearm, the base offense level is 14 pursuant to USSG §2K2.1(a)(6).

b. *Acceptance of Responsibility*

The United States will recommend that Defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a), if Defendant does the following:

    i.    accepts this Plea Agreement;

    ii.    enters a guilty plea at the first court hearing that takes place after the United States offers this Plea Agreement;

    iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv.    provides complete and accurate information during the sentencing process; and

    v.    does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

c. *No Other Agreements*

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

PLEA AGREEMENT - 8

d. *Criminal History*

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

e. *Agreement Regarding Representations to the Court*

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release or probation, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

    i. The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

    ii. The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

    iii. The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

PLEA AGREEMENT - 9

iv.     The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

v.      The United States and Defendant may each respond to any arguments presented by the other;

vi.     In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

vii.    In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

viii.   The United States may make any sentencing arguments the United States deems appropriate so long as they are

consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

ix. Defendant may make any sentencing arguments consistent with this Plea Agreement that Defendant deems appropriate.

11. Probation

The United States and Defendant each agree to recommend five (5) years of probation.

The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of probation or supervised release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

12. Probation/Supervised Release

The United States and Defendant have made no agreements as to the length of supervised release and imprisonment, should the Court sentence Defendant to incarceration rather than probation. Defendant agrees that the Court's decision regarding the length of any prison sentence and the terms and conditions of

PLEA AGREEMENT - 11

Defendant's supervised release or probation is final and non-appealable; that is, even if Defendant is unhappy with the conditions of supervised release or probation ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of imprisonment, supervised release, or probation.

Regardless of whether the Defendant received a sentence of probation or imprisonment and supervised release, the United States and Defendant agree to recommend that in addition to the standard conditions of supervised release and probation imposed in all cases in this District, the Court should also impose the following conditions:

    a. Defendant shall participate and complete such drug and alcohol testing and drug/alcohol treatment programs as the Probation Officer directs.

    b. Defendant shall abstain from consuming alcohol during the entire period of supervised release or probation.

    c. Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to Defendant's ability.

    d. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

PLEA AGREEMENT - 12

13. <u>Criminal Fine</u>

The United States and Defendant each agree to recommend that a criminal fine not be imposed. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

14. <u>Mandatory Special Penalty Assessment</u>

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

15. <u>Payments While Incarcerated</u>

If Defendant is sentenced to a term of imprisonment and Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. <u>Additional Violations of Law Can Void Plea Agreement</u>

Defendant also understands that Plea Agreements, including this one, "are essentially contracts." *Garza v. Idaho*, 586 U.S. 232, 238 (2019). As part of this contract between the United States and Defendant, Defendant explicitly agrees that in exchange for the benefits that Defendant is obtaining from the United States in this Plea Agreement, Defendant agrees that Defendant will take certain actions and will refrain from taking certain actions prior to the imposition or execution of Defendant's sentence. Defendant understands that if Defendant fails to comply with Defendant's commitments to the United States as set forth in this paragraph, the United States will be permitted under the terms of this Plea Agreement to take certain actions in response.

PLEA AGREEMENT - 13

Accordingly, the United States and Defendant agree that the United States, at its sole discretion and upon written notice to the Defendant, may seek to withdraw from this Plea Agreement, may seek a finding that Defendant has breached this Plea Agreement, may modify any of its commitments in this Plea Agreement, including any of its sentencing recommendations, if any of the following three circumstances occur prior to the execution or imposition of Defendant's sentence in the above-captioned matter:

    a.    Defendant is arrested for, charged with, or convicted of, any criminal offense;

    b.    Defendant possesses, uses, distributes, or tests positive for any illicit controlled substance; and/or

    c.    Defendant admits to any person that Defendant has possessed, used, distributed, or tested positive for any illicit controlled substance.

The United States and Defendant explicitly agree that if any of the preceding three circumstances occur prior to imposition or execution of sentence in the above-captioned matter, Defendant will have materially breached this Plea Agreement.

As part of Defendant's agreement with the United States, Defendant explicitly agrees that if any of the three preceding circumstances occur prior to imposition or execution of sentence in the above-captioned matter, Defendant will not contest or challenge in the District Court or on appeal any of the following: (1) the United States' withdrawal from this Plea Agreement; (2) the United States claiming breach of this Plea Agreement by Defendant; (3) any modification of the United States' commitments in this Plea Agreement, including any of its sentencing recommendations; and/or (4) the immediate revocation of Defendant's presentence release (if applicable).

PLEA AGREEMENT - 14

Defendant explicitly agrees that all of the terms of this Plea Agreement, including all of the terms of this paragraph and its subparagraphs, are material to Defendant's compliance with this Plea Agreement. Defendant explicitly agrees that the occurrence of any of the three preceding circumstances constitutes a material breach of this Plea Agreement, regardless of the nature or severity of Defendant's charge(s) and/or conduct, and regardless of the nature or severity of the facts giving rise to the occurrence of one of the three preceding circumstances.

17. Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court. Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes. Defendant also expressly waives Defendant's right to appeal any fine, term of supervised release/probation, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Defendant expressly waives Defendant's right, even if otherwise authorized by the United States Constitution or federal law, to challenge in the district court, to move to withdraw Defendant's plea based on, or to appeal the validity and/or entry of, any and all charging instruments, any and all plea agreements, any and all pleadings, any and all communications between any and all defense counsel and any and all Assistant United States Attorneys, and/or any and all guilty pleas in the above-captioned matter based on any and all arguments that the United States, the United States Attorney's Office for the Eastern District of Washington, the Deputy Attorney General, any and all First Assistant United States Attorneys for the

PLEA AGREEMENT - 15

Eastern District of Washington, any and all Criminal Chiefs for the United States Attorney's Office for the Eastern District of Washington, any and all Assistant United States Attorneys for the Eastern District of Washington, and/or any and all attorneys for the government, are in any way unauthorized to bring, seek, file, and/or resolve any and all aspects of the above-captioned matter, case, and/or charges.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish all right, title and interest he has in the following listed asset to the United States:

- a Glock, model 23, .40 caliber pistol, bearing serial number MAV397.

Defendant acknowledges that the asset listed above is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property involved or used in the commission of the Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), to which Defendant is pleading guilty.

Defendant agrees to take all steps as requested by the United States to pass clear title to the asset to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

PLEA AGREEMENT - 16

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

19. Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a. this Plea Agreement shall become null and void;

    b. the United States may prosecute Defendant on all available charges;

    c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d. the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

PLEA AGREEMENT - 17

Defendant agrees not to raise any objections based on the passage of time, including alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

20.     Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Todd Blanche
Deputy Attorney General for the United States

_____          2/18/2026
Nowles H. Heinrich                Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case.  No other promises or inducements have been made to me, other than those contained

PLEA AGREEMENT - 18

in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

Clenn Leach        2-18-26
GLENN OWHI LEACH       Date
Defendant

    I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

N POSTON LSBA 41901      2/18/26
Amy H. Rubin        Date
Attorney for Defendant

PLEA AGREEMENT - 19